## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

DONALD TAYLOR,                                    :
                                                  :
                              Plaintiff,          :
                                                  :
      -Against-                                   :        Civil Action No.: 13-04064(RJD)
                                                  :        (SMG)
City of New York, P.O. James Schuessler in his,   :
individual and official capacities, P.O.          :
Piero Lasaponara in his individual and official   :
capacities, P.O. Timothy Brennan in his individual:
and official capacities, and Officer Schuessler's :
unknown John Doe partner of the 73rd Precinct in  :
his individual and official capacities,           :
                                                  :
                              Defendants.         :

---

### FIRST AMENDED COMPLAINT

CARTER & ASSOCIATE
ATTORNEYS, PLLC
Attorney for the Plaintiff
224 West 35th Street, Suite 512
New York, New York 10001
(212) 216-9134 Telephone
(888) 711-4420 Facsimile

Dated: New York, New York
February 18, 2014

<u>**Table of Contents**</u>

**I.**   Preliminary Statement ...................................................................... 1

**II.**   Summary of Claims ...................................................................2-9

    a.  Plaintiff's Claims ................................................................ 2

    b.  Factual Background ..........................................................3-9

        1.  April 11, 2010 Arrest ..................................................3
        2.  July 1, 2011 Arrest ....................................................5

    c.  Plaintiff's Causes of Action And Relevant Factual Allegations ..... 9-18

        i.  <u>**First Cause of Action:**</u> Defendants Maliciously Prosecuted the Plaintiff Donald Taylor where they Commenced, Instigated and Continued Criminal Proceedings against Mr. Taylor in Absence of Probable Cause, With Actual Malic .................................. 9-15

            I.)   Defendants' commencement and continuation of criminal proceedings, by actual commencement of criminal action, influencing, encouraging and importuning by presenting fraudulent, false and perjurious evidence and suppression of evidence, in acting in bad faith ..................9

            II.)   Defendants' conduct in absence of probable cause.......... 11

            III.)   Defendants' feigned claims of Mr. Taylor's criminal conduct constitutes actual malice and other bad faith for purposes of constituting maliciousness of prosecution .. 13

                (a) Defendants' malicious conduct........................................ 13
                (b) Defendants' bad faith................................................... 14

            IV.)   Termination of proceedings in Mr. Taylor's favor.......... 14

            V.)   State action .......................................................... 15

    ii. **Second Cause of Action:** Defendants' Malicious Abuse of Criminal Process.................................................................15-16

    iii. **Third Cause of Action:** Defendants' Conduct of Fabricating Claims of Mr. Taylor's Alleged, Criminality as Discussed Herein Constitutes the Affliction of Emotional Distress ....16-18

    iv. **Fourth Cause of Action:** Defendants' Conducting of Fabricating Claims of Mr. Taylor's Alleged Criminality as Discussed Herein, Violated Mr. Taylor's Fifth and Fourteenth U.S. Constitutional Rights not to be Deprived of His Liberty as a Result of said Fabrications of Evidence by Defendants........ 18

**III.**    Jurisdiction And Venue.................................................................... 18

**IV.**    Request for Relief ............................................................................ 18

**V.**    Jury Demand .................................................................................... 19

## PRELIMINARY STATEMENT

DONALD TAYLOR, Plaintiff, by and through his attorney, Carter & Associate Attorneys, PLLC, alleges the following upon information and belief, except as to those allegations concerning Plaintiff, which are alleged upon personal knowledge.  Plaintiff's information and belief are based upon, among other things, his investigation, counsel's pursuit of Plaintiff's claims in question, as well as Plaintiff's personal experience of the claims in question against Defendants.  Plaintiff believes that further substantial evidentiary support will exist for the allegations after a reasonable opportunity for discovery.

Mr. Taylor brings the instant malicious prosecution actions as a result of having been maliciously prosecuted first on April 11, 2010 and then again on July 1, 2011, the latter of which was a felony prosecution.  Both cases were ultimately dismissed, and Mr. Taylor made no agreements for purposes of those dismissals.  Unfortunately, Mr. Taylor, an African American, has been the subject of multiple malicious prosecutions by the New York City Police Department ("NYPD"), because of his race.

As a result, Mr. Taylor has been the successful litigant of several malicious prosecution actions against the NYPD.  It does appear that Mr. Taylor's instant malicious prosecution claims resulted from the City of New York's now defunct, unrestricted "Stop and Frisk" program that actively required the NYPD to seize minorities within the City of New York, as an anti-crime measure, irrespective of articulable criminal suspicion.

## SUMMARY OF CLAIMS

### A. Plaintiff's Claims

1.  Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for malicious prosecution against the Defendants, where all Defendants, acting without probable cause, acting within their capacity as state actors, instigated and/or continued and /or initiated a proceeding, where said Defendants made wholly false claims of criminal conduct against the Plaintiff, to obtain the collateral objective of harassing the Plaintiff, where said proceedings terminated in Plaintiff's favor, where Defendants maliciously pursued said proceedings motived by contempt for Plaintiff, resulting in the deprivation of the Plaintiff's liberty.

2.  Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 for malicious abuse of criminal process against the Defendants where all Defendants, acting without probable cause, acting within their capacity as state actors, instigated and/or continued and /or initiated a proceeding, falsely accusing the Plaintiff of criminal conduct, in which regular criminal process issued, with the Defendants intending to do harm to the Plaintiff without excuse or justification, using the aforementioned regular process in a perverted manner to obtain the collateral objective of harassing the Plaintiff, where said proceeding terminated in Plaintiff's favor, where Defendants maliciously pursued said proceedings motived by contempt for Plaintiff, resulting in the deprivation of the Plaintiff's liberty.

3.  The Plaintiff brings a claim pursuant to 42 U.S.C. § 1983 against all of the Defendants for violation of the Plaintiff's Fifth and Fourteenth Amendment rights not to be deprived of his liberty as a result of the fabrication of evidence by the Defendants where the Defendants foresaw that their knowingly false evidence and false statements, submitted to the

prosecution, used for purposes of prosecution, could have resulted in deprivation of Plaintiff's liberty.

4.  In conjunction with his claims under 42 U.S.C. § 1983, Plaintiff brings a claim for emotional distress against all of the Defendants wherein, said Defendants' conduct of knowingly and intentionally bringing false claims against the Plaintiff for the improper purposes of harassment, evidences special circumstances and the genuineness of the Plaintiffs' claims.

## B. Factual Background

### 1. April 11, 2010 Arrest

5.  Plaintiff repeats and re-states as if stated herein, all averments set forth in Paragraphs "1" through "4" above.

6.  The Plaintiff, DONALD TAYLOR, is a resident of Brooklyn, New York, where he, as a licensed street vendor, has worked in commerce, selling goods in his neighborhood. At the times in question, Mr. Taylor was so self-employed.

7.  Having been honorably discharged from the United States Military, Mr. Taylor has worked as a vendor within his community for nearly twenty (20) years.

8.  The Plaintiff's claims concern two separate and independent matters of malicious prosecution.

9.  On or about Sunday April 11, 2010, at approximately 2:24 p.m., while Plaintiff was at the Marcus Garvey Village housing complex, outside of his residence therein, speaking to his neighbor Samuel Goodall, as well as another neighbor, Police Officer Piero Lasaponara Shield No. 7631 and Police Officer Timothy Brennan, Shield No. 26989, effectively seized Mr. Taylor, claiming that he had engaged in criminal activity.

10.     In speaking with his neighbors at that time, Mr. Taylor had brought along a brown bag and was showing his neighbors a cologne.

11.     The Defendants Lasaponara and Brennan accused Mr. Taylor of illegally selling the cologne.

12.     Thereafter Lasaponara and Brennan began to go through Mr. Taylor's bag and found an alcoholic beverage he had purchased earlier.

13.     Defendants Lasaponara and Brennan frisked Mr. Taylor and issued him a Desk Appearance Ticket ("D.A.T."), claiming that he had illegally possessed an open container.

14.     Said Officers informed Mr. Taylor that he had made them upset so that they were going to give Mr. Taylor a D.A.T..

15.     That matter was docketed under Kings County Criminal Court Docket Number 2010SK058784 (hereinafter referred to "Case No. 058784").

16.     Mr. Taylor was arraigned on Case No. 058784 on June 11, 2010.

17.     Mr. Taylor's liberty was restricted as a result of Case No. 058784 and he was made to appear in court on that case on July 14, 2010, August 2, 2010, and December 2, 2011.

18.     It appears that on August 25, 2010, Mr. Taylor may have failed to appear in court under Case No. 058784, and the Court issued a warrant for Mr. Taylor's arrest.[1]

19.     Nonetheless, Mr. Taylor appeared in court under Case No. 058784 on December 2, 2011 where the Kings County District Attorney's office dismissed the claims under Case No. 058784 in their entirety.

_____

[1] Ironically, Mr. Taylor was alerted to the warrant for his arrest issued in Case No. 058784, by police Officer James Schuessler, who arrested Mr. Taylor on July 1, 2011, as described herein. Although Officer Schuessler had arrested Mr. Taylor on July 1, 2011 and issued him the D.A.T. described herein, Mr. Taylor was released despite the warrant under Case No. 058784. Nonetheless, Officer Shuessler returned to Mr. Taylor's place of employment the following day, and threatened to arrest Mr. Taylor on the arrest warrant under Case No. 058784.

20.     Mr. Taylor did not enter into any agreement for purposes of that dismissal.  And by December 2, 2011, Case No. 05874, which was nearly two years old, was clearly past its speedy trial requirements of Section 30.30 of New York's Criminal Procedure Law.

### 2. July 1, 1011 Arrest

21.     Plaintiff repeats and re-states as if stated herein, all averments set forth in Paragraphs "1" through "20" above.

22.     As noted in the Kings County District Attorney's Declination Not to Prosecute slip ("DNP"), on Friday, July 1, 2011, at 5:55 p.m., Mr. Taylor was arrested for allegedly violating New York Penal Law Section 275.40(2), a Class E Felony under New York law.

23.     At the time of his arrest, Mr. Taylor had finished working for the day and was already in the process of packing up his merchandise which he sold at his usual place of business at 650 Rockaway Avenue in Brooklyn, New York, when he noticed Officer Schuessler and his still unidentified partner in an unmarked vehicle with tinted windows.

24.     Initially the unmarked vehicle left for a brief moment, before returning to where Mr. Taylor was on 650 Rockaway Avenue.

25.     Upon returning to where Mr. Taylor was located, Officer Schuessler and his unidentified partner approached Mr. Taylor.  At that point, one of the officers began to flip through CDs, at which point, Mr. Taylor asked the officer if he was interested in purchasing the CDs.

26.     The officer said "no," and accused Mr. Taylor of being in violation of New York Penal Law Section 275.40(2).  Mr. Taylor was confused, since the CDs possessed no identification (i.e. there were no names and/or pictures on the CDs), and neither of the officer knew what if anything was contained on the CDs.

27.     The officers asked Mr. Taylor for his vendors identification, at which point he produced his license, and begin to explain that he could not be in violation of any copy rights laws, when the taller of the two officers said to the shorter officer, "I'll show you how it's done," at which point the officer order Mr. Taylor to step over to him, where he handcuffed Mr. Taylor.

28.     During Mr. Taylor's arrest, the shorter officer began to go through Mr. Taylor's merchandise in general, while the taller officer instructed Mr. Taylor to take his money and keys out of his pockets and place it on the table counters used to sell the merchandise.  The taller officer then took Mr. Taylor and placed him in the police vehicle before returning to assist his partner in going through Mr. Taylor's merchandise, generally.

29.     During the time in which the officers proceeded to go through all of Mr. Taylor's merchandise, the taller officer said to a bystander, "if we find anything he's going down." However, the police officers never knowingly found anything illegal during their illegal (i.e. warrantless) search for evidence.

30.     Despite not having ever knowingly found anything illegal, the officers returned to the vehicle where Mr. Taylor was seated and when he asked who was going to take care of the merchandise that the officers had thrown about and the money on the table, the taller officers said "I guess your friend will, because you are going to jail."

31.     Mr. Taylor was distraught because the person to whom the officer was referring to, the bystander, had nothing to do with Mr. Taylor's business.

32.     When Mr. Taylor arrived at the precinct the officers told Mr. Taylor that he would be charged with a felony regarding the CDs.  In doing so, the officers told Mr. Taylor to keep his mouth shut once they got inside the precinct.

33.     When they entered the precinct, the officers walked Mr. Taylor up to a desk where another cop was seated and he, the seated officer, remarked "hey, you got one," to which the officers said "yes, a D.A.T."  At that point another nearby officer said, "get two more and lunch is on me."

34.     The practice of discriminatively arresting minorities for D.A.T.'s has been held to be illegal and the City of New York has accepted and outlawed that practice as illegal.

35.     Mr. Taylor was placed in a cell for about two (2) hours, when he witnessed those same officers place two more people of minority descent, into the cell with Mr. Taylor. Thereafter, Mr. Taylor sat in the cell for about two (2) more hours, where he witnessed those same officers put two (2) more minorities into the cell with Mr. Taylor.

36.     Eventually Mr. Taylor was finger printed, photographed and given a D.A.T. upon his arrest.  Upon processing Mr. Taylor, the shorter officer said, "when you come to court bring your I.D. with you," and then returned Mr. Taylor's business license.

37.     The D.A.T. is signed by Officer Schuessler.

38.     Pursuant to the D.A.T., Mr. Taylor was charged with having violated New York Penal Law Section 275.40(2) for allegedly failing to disclose the origin of a recording in the first degree.

39.     Despite the fact that Officer Schuessler arrested and charged Mr. Taylor for having allegedly violated Section 275.40(2), which is a conjunctive statute requiring (1) simple possession of recordings that do not disclose names of recording artist and manufactures *and* (2) that said artists and manufactures did not provide the defendant authorization to sale such recordings, the officers' complaint alleges only simple possession as violation of Section 275.40(2).

40.     On November 22, 2011, the Kings County District Attorney's Office, executed a
DNP, declining to prosecute.

41.     The District Attorney's DNP notes that the case is a problem case, lacking no
evidence other than Officer Schuessler's claims.

42.     Officer Schuessler claims that he allegedly possessed a supporting deposition
from a representative of the Recording Industry of Association of America ("RIAA"), attesting
to the fact that Mr. Taylor's CDs were allegedly in violation of Section 275.40(02).

43.     In fact, Officer Schuessler claims to have possessed the RIAA's supporting
deposition since the time Mr. Taylor's arrest, but that he simply neglected to provide that
supporting deposition to the District Attorney's Officer for well more than four (4) months,
despite its repeated and persistent requests for such evidence.

44.     On information and belief, the alleged RIAA supporting deposition is fraudulent.
The basis for such information and belief is twofold.

45.     First, it is unlikely that a representative of the RIAA would have been available,
on short notice, well after business hours. Mr. Taylor was not even arrested until effectually 6
p.m. Thus, Officer Schuessler's claims to have obtained a supporting affidavit at 7 p.m. or 8
p.m., is incredible.

46.     Second, the idea that Officer Schuessler remained in possession of the RIAA's
supporting affidavit, but simply neglected to turn such over to the District Attorney is not
credible where the District Attorney was pressuring Officer Schuessler for such, and where
Officer Schuessler failed to turn over to the District Attorney, Officer's Schuessler's memo book
in the face of the District Attorney's requests for such, and where Officer Schuessler refused to
cooperate with the District Attorney as to the facts of the case.

47.     On November 28, 2011, the case was dismissed because the prosecution declined

to prosecute such.  Mr. Taylor did not enter into any agreement for purposes of that dismissal.

## C. PLAINTIFF'S CAUSES OF ACTION AND RELEVANT FACTUAL ALLEGATIONS

### FIRST CAUSE OF ACTION

**Defendants Maliciously Prosecuted the Plaintiff Donald Taylor where they Commenced, Instigated and Continued Criminal Proceedings against Mr. Taylor in Absence of Probable Cause, with Actual Malice**

I.)     **Defendants' commencement and continuation of criminal proceedings, by actual commencement of criminal action, influencing, encouraging and importuning by presenting fraudulent, false and perjurious evidence and suppression of evidence, in acting in bad faith.**

48.     Plaintiff repeats and re-states as if stated herein, all averments set forth in

Paragraphs "1" through "47" above.

49.     Defendants actually commenced the criminal proceedings at issue against Mr.

Taylor, as they issued the summons in question, containing the alleged criminal allegations at

issue.

50.     The Defendants did more than merely report an alleged crime or merely possessed

knowledge or merely acquiesced in or consented to the acts of the District Attorney, as the

Defendants came forward and presented fraudulent, false, and perjurious information to

prosecutorial authorities in the absence of a request for such information, reasonably knowing

that such would be relied upon by the District Attorney.

51.     Defendants did more than provide mere false testimony.  Defendants took an

active part in bringing about the criminal actions against Mr. Taylor where they knowingly and

intentionally provided false claims of criminal conduct.  As such the Defendants influenced,

encouraged, insisted and importune the District Attorney's prosecution of Mr. Taylor, as without

the Defendants' said actions, the District Attorney would not have prosecuted Mr. Taylor.

52.     In addition to being the impetus and driving force of Mr. Taylor's prosecution, the
Defendants engaged in additional activities that took place in the context of sham investigations,
in which the sole goal was prosecution of Mr. Taylor for the purpose of harassment and to cover
up that they had acted wrongfully (i.e. Defendants' stop and questioning of Mr. Taylor lacked the
required articulable suspicion that Mr. Taylor engaged in criminal conduct required for stopping
and questioning Mr. Taylor).

53.     Indeed the Defendants' complaint containing false claims that Mr. Taylor
engaged in criminal conduct, followed the fact that Defendants lacked even the required
articulable suspicion that Mr. Taylor engaged in criminal conduct, required for stopping and
questioning Mr. Taylor.

54.     Defendants reasonably knew or should have known that the District Attorney
would have relied upon the Defendants' false claims of Mr. Taylor's criminal conduct in
continuing the criminal actions against Mr. Taylor.

55.     Defendants' false claims of Mr. Taylor's conduct were directly intended to aid the
District Attorney, and to encourage the District Attorney's prosecution of Mr. Taylor.

56.     The Defendants instigated, commenced and continued the criminal actions against
Mr. Taylor, where the Defendants in each instance provided the unsolicited false allegations of
Mr. Taylor's alleged criminal conduct to the District Attorney, investigated what they allegedly
believed was criminal conduct, and openly espoused and advocated their alleged belief that Mr.
Taylor was guilty of the criminality alleged in each action, for which the Defendants were
determined to see prosecuted.

57.     Of the Defendants' conducting in commencing the fraudulent and basis criminal
action against Mr. Taylor, the Defendants' conduct in so commencing the criminal proceedings

was not only intended as harassment, but also as making the point to Mr. Taylor that they possessed the authority to place him under criminal prosecution.

58.     In arresting Mr. Taylor on the base of the fraudulent and baseless claims of criminal wrongdoing, Mr. Taylor who hadn't done or said anything wrong, was told by Lasaponara and Brennan that he had made them upset so that they would subject Mr. Taylor to criminal prosecution (i.e. arrest and charging).

59.     And as to Officer Schuessler and his now unknown partner's arrest of Mr. Taylor on July 1, 2011, for purposes of those officers effecting Mr. Taylor's baseless and fraudulent arrest and charging he was told "I'll show you how it's done."

60.     Defendants Lasaponara and Brennan charged Mr. Taylor, because he allegedly had an open container although the alleged open container was contained inside a bag, in which it could not have been seen unless one opened the bag.

61.     Defendants Lasaponara and Brennan didn't have articulable suspicion that Mr. Taylor had committed a crime for the purposes of seizing Mr. Taylor and his personal property. However, Defendants acting with blatant disregard for Mr. Taylor's rights, illegally stopped him for the purpose of harassment. And to continue that harassment, they charged Mr. Taylor with criminal charges that under any theory, could not have resulted in criminal liability.

62.     Officer Schuessler and his partner subjected Mr. Taylor to harassment in proceeding to charge him criminally.

## II.     Defendants' conduct in absence of probable cause.

63.     Plaintiff repeats and re-states as if stated herein all averments set forth in Paragraphs "1" through "62" above.

64.     Upon information and belief, the sources of said information and belief being review of Defendants' documents commencing criminal proceeding, and criminal court records, as well as Mr. Taylor's personal experience stated herein, the Defendants' allegations upon which the criminal proceedings were based, consisted of false and perjurious statements and falsified records and the suppression of evidence, as there was not a full disclosure of evidence where the Defendants suppressed evidence.

65.     Defendants intentionally, negligently, and recklessly acted in absence of probable cause.

66.     There was not and could not have ever been, a reasonable belief that Mr. Taylor had either engaged in the criminal conduct of public consumption of alcohol in violation of Section 10-125 or in violation of New York Penal Law Section 275.40(2).

67.     On the day in question, Mr. Taylor did not contain an open container of alcohol, with the intent to consume.  Mr. Taylor possessed a bag that contained an unopened bottle of the alleged alcohol that was fully enclosed in the bag that was not visible.

68.     On the day in question, Officer Schuessler and his unidentified partner had no knowledge that Mr. Taylor's CDs possessed recordings that he was not authorized to sale.  In fact, neither officer possessed any knowledge of what was actually on the CDs.

69.     Defendant Officers charging Mr. Taylor with possessing alcohol in a public place for consumption thereof was baseless; there was never any evidence of consumption or intent to consume such.

70.     Such a baseless charge and allegations of criminality would have every person who purchases alcohol subject to criminal liability, because such is almost always placed in a bag upon purchase.

**III.** **Defendants' feigned claims of Mr. Taylor's criminal conduct constitutes actual malice and other bad faith for purposes of constituting maliciousness of prosecution**

### (a) Defendants' malicious conduct

71.     Plaintiff repeats and re-states as if stated herein all averments set forth in Paragraphs "1" through "70" above.

72.     The Defendants acted without probable cause, with personal hatred, revenge, and spite in maliciously prosecuting Mr. Taylor.

73.     The Defendants brought the action for improper wrongful purposes, other than to punish for a crime or bring Mr. Taylor to justice.

74.     The Defendants' allegations and charges that Mr. Taylor engaged in a violation of the municipal law of public consumption of alcohol where there was neither an open container nor a visible container of alcohol was a fraudulent claim that constitutes malice.

75.     The Defendants' allegations that Mr. Taylor violated Section 275.40(2) of New York's penal law where the CDs in question where the officers did not know what if anything was contained on the CD, and the officers possessed no knowledge that to the extent anything was on the CD, whether Mr. Taylor, an authorized vendor was in fact authorized to sale such merchandise, constitutes malice.

76.     Additionally, the Defendants' suppression of Officer Schuessler's memo book and cooperation with the District Attorney's office, as well as the feigned supporting deposition of the RIAA, constitutes malice.

77.     Despite the aforementioned total lack of criminal conduct to support the Defendants' criminal charges, the Defendants decided to nonetheless, bring the criminal charges not only for wholly improper reasons which evince revenge and spite, where the Defendants

brought such charges simply because Mr. Taylor had made them upset and so as to show Mr.

Taylor "how it's done.'

### (b) Defendants' bad faith

78.     Plaintiff repeats and re-states as if stated herein all averments set forth in

Paragraphs "1" through "77" above.

79.     The Defendants having false claimed that Mr. Taylor engaged in criminal

conduct, did so in bad faith, as there was no factual basis for their commencement of criminal

proceedings against Mr. Taylor.

80.     The Defendants attempted to suppress evidence of their fraudulent conduct,

omitting that Mr. Taylor had not engaged in any conduct that would support the criminal charges

Defendants lodged against Mr. Taylor.

81.     The Defendants actively influenced the prosecution of Mr. Taylor, evincing

Defendants' malice and bad faith, as Defendants' motive was no to see the ends of justice done,

but rather to show Mr. Taylor that they had the power to lodge criminal charges against Mr.

Taylor simply because they felt like doing so, and to cover up the fact that Defendants had

illegally seized Mr. Taylor (i.e. police harassment).

### IV.)    Termination of proceedings in Mr. Taylor's favor

82.     Plaintiff repeats and re-states as if stated herein all averments set forth in

Paragraphs "1" through "81" above.

83.     On December 2, 2010, Case No. 058784, the April 11, 2010 criminal charges

against Mr. Taylor were dismissed.

84.     The District Attorney and the Criminal Court attempted to on several occasions,

to get Mr. Taylor to take an Adjournment in Contemplation of Dismissal ("ACD").  However,

Mr. Taylor refused to accept any ACD, as he was innocent, and Case No. 058784 was dismissed in its entirety.

85.     Similarly, the case of Mr. Taylor's July 1, 2011 arrest on felony charges for New York State copyright violations was dismissed on August 28, 2011.

86.     Both of the criminal cases against Mr. Taylor were terminated in Mr. Taylor's favor.

**V.)**     <u>**Sate action**</u>

87.     Plaintiff repeats and re-states as if stated herein all averments set forth in Paragraphs "1" through "86" above.

88.     Defendants commenced criminal proceedings against Mr. Taylor, in their official capacities as Police Officers for the City of New York.

<u>**SECOND CAUSE OF ACTION**</u>

<u>**Defendants' Malicious Abuse of Criminal Process**</u>

89.     Plaintiff repeats and re-states as if stated herein all averments set forth in Paragraphs "1" through "88" above.

90.     Process regularly issued in both of Mr. Taylor's criminal prosecutions.

91.     The Defendants' intended to do harm to Mr. Taylor without excuse or justification in having Mr. Taylor prosecuted on the Defendants' fraudulent, perjurious and otherwise claims in bad faith and acts of bad faith (e.g. suppressing evidence and fabrication of claims of criminal conduct) for the purpose of attempting to having Mr. Taylor prosecuted and convicted for harassment purposes and to cover-up the Defendants' acting in bad faith violating Mr. Taylor's right to be free from unreasonable searches and seizures and to be treated equally as an African American.

92.    The Defendants commenced and instigated and continued the criminal

proceedings against Mr. Taylor.

93.    The proceedings ended in Mr. Taylor's favor where the criminal charges under

both cases were dismissed on November 28, 2011, and December 2, 2011.

94.    As noted herein there was no probable cause to believe that Mr. Taylor had

committed the crimes for which he had been charged.

95.    Defendants' conduct implicates that Mr. Taylor's constitutional rights not to be

deprived of his liberty, where Defendants' use of the criminal process for a purpose other than as

provided for by law (i.e. Defendants' use of criminal process for the purposes of harassing Mr.

Taylor to cover up that the Defendants had illegally search and seized Mr. Taylor), violates

procedural due process.

96.    As noted herein the Defendants have acted with actual malice.

### THIRD CAUSE OF ACTION

**Defendants' Conduct of Fabricating Claims of Mr. Taylor's Alleged, Criminality as
Discussed Herein Constitutes the Affliction of Emotional Distress**

97.    Plaintiff repeats and re-states as if stated herein all averments set forth in

Paragraphs "1" through "96" above.

98.    The Defendants owed Mr. Taylor a duty that they would not use their official

capacities of their public offices for personal gain or to act in violation of the U.S. Constitution.

Each Defendant violated such duties.

99.    Defendants' conduct of fabricating claims for the purpose of harassing Mr. Taylor

and to cover up that the Defendants had violated Mr. Taylor's constitutional rights (e.g.

Defendants' seizure without any articulable suspicion that Mr. Taylor had engaged in criminal

conduct), negligently caused psychological trauma to Mr. Taylor.

100.    Unfortunately, this law suit represents Mr. Taylor's, approximately fourth lawsuit against the City of New York for these types of malicious prosecution. In the foregoing lawsuits, Mr. Taylor successfully concluded those lawsuits. In one of the lawsuits, the Police Department burst into Mr. Taylor's home in the early morning hours, before it was light out, claiming that they would find drugs and guns therein.

101.    Of Course the Defendants found no drugs, and broke Mr. Taylor's wrist in the process. While the Defendants found weapons therein, for which Mr. Taylor would be later prosecuted, the Supreme Court Judge presiding over the matter noted that the District Attorney's indictment bore no relation to the actual facts, because all but one of the firearms had been retained by Mr. Taylor pursuant to a weapons permit that was later revoked so it wasn't as if the City hadn't known Mr. Taylor possessed the firearms, and another firearm for which Mr. Taylor was charged was nothing more than a toy replica.

102.    The history of Mr. Taylor's baseless harassment and prosecution at the hands of the New York City police Department substantiates Mr. Taylor's fear that the Defendants will continue to harass Mr. Taylor solely for harassment and cover-up purposes.

103.    The Defendants' conduct was so extreme in degree, as to go beyond all possible decency, such that it is atrocious, and utterly intolerable in a civilized community.

104.    More than just fabricating claims of Mr. Taylor's alleged criminal conduct, the Defendants knowingly used their public offices to facilitate an unlawful prosecution of Mr. Taylor.

105.    The Defendants' conduct was done with the intent to cause, or disregard the substantial probability that such conduct would cause Mr. Taylor severe emotional distress.

106.    Mr. Taylor's distress was caused by the Defendants' extreme and outrageous conduct of knowingly fabricating and facilitating Mr. Taylor's unlawful prosecution.

## FOURTH CAUSE OF ACTION

**Defendants' Conduct of Fabricating Claims of Mr. Taylor's Alleged Criminality as Discussed Herein, Violated Mr. Taylor's Fifth and Fourteenth U.S. Constitutional Rights not to be Deprived of His Liberty as a Result of said Fabrication of Evidence by Defendants**

107.    Plaintiff repeats and re-states as if stated herein all averments set forth in Paragraphs "1" through "106" above.

108.    The Defendants never conducted an objective investigation of Mr. Taylor's alleged criminal conduct.

109.    Defendants ignored conducting an objective investigation of Mr. Taylor's alleged criminal conduct, because having falsely claimed Mr. Taylor's criminal conduct and falsely proceeded against Mr. Taylor's, Defendants intended only to harass Mr. Taylor and to cover-up that they had illegally searched and seized Mr. Taylor.

## JURISDICTION AND VENUE

110.    The claims asserted herein arise under federal law, namely 28 U.S.C.A. § 1332.

111.    The acts and practices complained of herein have occurred in this Judicial District.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests relief and judgment, as follows:

(a)    Awarding compensatory and punitive damages in favor of Plaintiff for all damages sustained as a result of Defendants' wrongdoing, in an amount to be proven at trial;

(b)    Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the state statutory provisions sued hereunder;

(c)     Awarding Plaintiff reasonable costs and expenses incurred in this action, including counsel fees and expert fees; and

(d)     Such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

CARTER & ASSOCIATE
ATTORNEYS, PLLC

BY: _____

Damond J. Carter, Esq.
Attorney for the Plaintiff
224 West 35th Street, Suite 512
New York, New York 10001
(212) 216-9134 Telephone
(888) 711-4420 Facsimile